McKinney, J.
delivered the opinion of the court.
From the obscure statement of facts contained in the bill of exceptions, it appears, that the defendant, in the year 1846. became indebted to the firm of Cook & Sudberry, who carried on a blacksmith’s shop in partnership; and of which firm the plaintiff was a member. An adjustment of the partnership business took place, in which the debts and accounts due to said partnership, contracted in 1846, including the defendant’s account, were transferred to the plaintiff as his separate, absolute property. After this transfer the plaintiff and defendant made a settlement; and in discharge of said account, transferred to the plaintiff as aforesaid, the defendant drew an order in favor of the plaintiff, on said Sudberry, (the latter being separately indebted to the defendant) for twenty-eight dollars and thirty-seven cents, dated 28th July, 1847; said order was protested for non-acceptance, but notice thereof was omitted to be given to the drawer, as required by the act of 1762, ch. 9, sec. 5. *413 And to recover the amount of said order, this suit was commenced before a justice of the peace.
The witness, Stinson, proves that he heard the defendant admit, that he gave the plaintiff the order in question. Defendant “said he owed plaintiff a blacksmith account for 1846; and to pay it, he gave the order, and his own note for two dollars and-a-half, and a note on William J. Sudberry for four dollars and some cents. Witness also heard a conversation between plaintiff and defendant in Franklin, after the order was ■given, and after Sudberry had refused to pay it, in which conversation the defendant admitted that he and plaintiff had a fair settlement, and that he owed him the amount of the order.”
Upon this state of the facts, we think the plaintiff was entitled to recover.
It is certainly competent for partners, upon a voluntary dissolution, to agree, that the joint property and effects shall become the separate property of one of the partners; and if such agreement be bona fide, and for a valuable consideration, it will transfer the whole property to such partner, free from the claims of the joint creditors. Story on Part. see. 358. So they may, during the partnership, convert joint property into separate property, Id. sec. 372.
It is equally clear, notwithstanding the general rule that choses in action are not assignable at law, that, by agreement of the parties, there may be a change of credit, so as to transfer the right or liability of the original contracting parties to another and different person, or to one only of the original parties. 1 Chitty’s Pl. 18, 54; Hen. Bl. 339; 3 T. R. 180.
*414 The proof in the present case, of the assignment of the firm debt to the plaintiff for his individual benefit, and of the defendant’s, subsequent agreement, with full knowledge of such assignment, to pay said debt to the plaintiff, is amply sufficient, we think, to entitle the plaintiff to maintain the suit. It is true, the plaintiff cannot make the order, the foundation of a recovery, because of his neglect to give notice to the defendant of the protest for non-acceptance; but it is equally true, that he may well sue and recover upon the new contract and promise of the defendant, which formed the consideration of the order. The discharge of the defendant’s liability to the partnership for the debt in question, was sufficient consideration to support the new agreement to pay the same to the plaintiff,
Again: The drawing of the order is presumptive evidence of an indebtedness by the defendant to the plaintiff. And although, for the want of notice of protest, the plaintiff could not declare upon such order, we perceive no reason why, upon the appropriate money counts, he might not use it, as at least prima facie evidence of the defendant’s indebtedness.
In either aspect of the case, the verdict is altogether wrong, and is unsupported by any evidence in the record.
Judgment reversed.